■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE JONES, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered December 26, 1981, upon a verdict convicting defendant of the crime of robbery in the first degree. Defendant was convicted by a jury upon the single-count indictment charging him with robbery in the first degree as the result of an incident in the Sunrise Tavern in the City of Albany at about 3:20 A.M. on December 31, 1980. Defendant was found to have grabbed the bartender from behind, held a knife to his throat, and taken cash and a watch from him, after which he allegedly took money from the cash register. After a hearing, defendant was found to be a persistent felony offender and sentenced to an indeterminate term of imprisonment of 20 years to life. This appeal ensued. On this appeal, defendant urges that the admission of an uncharged crime into evidence constituted reversible error. We disagree. The indictment charged defendant with forcibly stealing property from one Jack Hughes, the bartender. During the trial, both Hughes and Mae Belle Carter, a barmaid, stated that defendant took property from Hughes' person at knife-point, and money from the cash register including a roll of dimes and some Canadian currency. The arresting officer testified he found a roll of dimes in defendant's pocket during the booking process. During summation, the prosecutor referred to the cash register theft and the roll of dimes. Finally, in its charge, the trial court instructed the jury that the ownership element of the crime required a finding that "defendant stole property from Jack Hughes, *or the Sunrise Tavern,* and that Jack Hughes *or the Sunrise Tavern* was the owner thereof" (emphasis added). It is the theft from the cash register that defendant characterizes as the uncharged crime, the admission of which he urges was unduly prejudicial (see *People v Allweiss,* 48 NY2d 40). In our view, the characterization is inaccurate. As the bartender on duty, Hughes was at the very least in constructive possession and control over the cash register funds. That defendant took money from the cash register as well as from Hughes' person was part and parcel of the robbery and not a separate and

---

distinct crime. In this context, there was no instructional error, since a theft of Sunrise Tavern property was constructively a theft from Jack Hughes under the prevailing circumstances. Accordingly, testimony concerning the taking from the cash register was entirely relevant and material. Nor can we agree, as defendant contends, that certain remarks made by the prosecutor during summation deprived him of a fair trial. The record confirms that no objections were made at the time of the remarks. As such, a review of them on the law is foreclosed (CPL 470.05, subd 2; 470.15, subd 4, par [a]; *People v Jones,* 58 AD2d 696, 697). We are further of the view that the remarks were not so egregious as to have rendered the trial unfair. It follows that this court should not exercise its discretionary power to reverse in the interest of justice (CPL 470.15, subd 6, par [a]). Finally, defendant's prior reformatory sentence was properly utilized as a predicate for persistent felon treatment (Penal Law, § 70.10; *People v Wright,* 69 Misc 2d 1050, affd 43 AD2d 666, affd 35 NY2d 944, cert den 423 US 856). Defendant was previously convicted of assault in the second degree for which he received a reformatory sentence of 0 to 5 years, and actually served three years. As such, the conviction serves as a predicate felony for purposes of determining persistent felony offender status (see *People v Stewart,* 96 AD2d 622, 623). Further, a review of the sentencing hearing and the court's decision confirms a careful examination into defendant's background and the nature of his criminal conduct (Penal Law, § 70.10, subd 2). Judgment affirmed. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.