■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNOX CHAPMAN, Appellant. [646 NYS2d 582] —Yesawich Jr., J. Appeal from a judgment of the County Court of Ulster County

(Vogt, J.), rendered May 13, 1993, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (three counts) and criminal sale of a controlled substance in the third degree (three counts).

After a jury trial, defendant was found guilty of selling crack cocaine to an undercover policeman on three occasions. Sentenced to six, concurrent 3- to 9-year terms of incarceration, he appeals.

Defendant's initial contention, that County Court erred when it questioned three jurors about matters related to their ability to be impartial, during a preswearing inquiry intended to address scheduling conflicts and any personal problems the prospective jurors might have, was not preserved for review (see, *People v Melendez*, 205 AD2d 392, 393, *lv denied* 84 NY2d 829). And, there is no reason to consider the matter in the interest of justice, for defendant has not demonstrated that he suffered any prejudice as a result of the alleged error (see, CPL 470.05 [1]; 470.15 [1]; *People v Decker*, 157 NY 186, 191; see also, *People v Vargas*, 88 NY2d 363, 378).

As for the argument that reversal is required because certain of the prosecutor's comments in summation were improper and prejudicial, it too has not been preserved, for defendant registered no objection to the remarks in question at any time (see, *People v Dordal*, 55 NY2d 954, 956; cf., *People v Nuccie*, 57 NY2d 818, 819). Even accepting defendant's submission that the statements at issue went beyond the bounds of fair comment upon defense counsel's question about the whereabouts of the confidential informant, they were not so egregious as to deprive defendant of a fair trial (see, *People v Jones*, 99 AD2d 559, 560).

Defendant also maintains that his conviction must be overturned on double jeopardy grounds, because of the prior seizure of his business, apartment and personal property in a separate Federal civil forfeiture proceeding. This claim is unavailing, for no trial was held in the forfeiture proceeding and no order or judgment was entered therein until after defendant was sentenced.\* Hence, no prior prosecution had taken place that might preclude the present action on statutory double jeopardy grounds (see, CPL 40.20, 40.30 [1] [a], [b]; *Matter of Booth v Clary*, 83 NY2d 675, 678-679). Nor does forfeiture pursuant to 21 USC § 881 constitute a separate punishment for the crimes of which defendant was convicted, such

---

\* Defendant did not file any answer in the forfeiture proceeding, which was commenced in March 1993, and his claim was foreclosed on August 10, 1993, three months after he was sentenced for this conviction.

that the Federal or State constitutional prohibitions against multiple punishments for the same offense (see, *Matter of Auer v Smith*, 77 AD2d 172, 181, *appeal dismissed* 52 NY2d 1070) would be implicated (see, *United States v Ursery*, 518 US —, 116 S Ct 2135, 135 L Ed 2d 549; *cf.*, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 40.10, at 303).

Cardona, P. J., Mikoll, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed.