# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

270

KA 13-00051

PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

MARQUES KING, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN HANNAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered October 4, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress the evidence seized from defendant's person is granted, and the matter is remitted to Onondaga County Court for further proceedings on the indictment.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), defendant contends, inter alia, that County Court erred in denying that part of his omnibus motion seeking to suppress evidence seized from his person. We agree.

The evidence at the suppression hearing established that, at approximately 3:35 a.m., in an area known for drug activity, two police officers happened upon the scene of a hand-to-hand transaction between defendant and a female. The female was then observed to place an object "in her left bra area." Upon seeing the officers, defendant and the female "immediately separated and moved away." The two officers separately approached defendant and the female. When asked why he was at that location at that time in the morning, defendant informed the officer that he was visiting an older woman who was sitting on a nearby porch. That woman, however, denied knowing defendant. At that point the officer asked defendant for permission to "check[] him," and defendant consented. Although the officer did not find anything on defendant's person, the officer placed defendant, uncuffed, in the backseat of the patrol vehicle.

Meanwhile, the second officer was speaking with the female, and he observed a bag with a "beige chunky substance" tucked into her shoelace. The woman admitted purchasing cocaine from defendant, removed a bag of what appeared to the officer to be cocaine, and informed the officer that defendant "had crack cocaine between his buttocks."

At that point, the two officers removed defendant from the patrol vehicle and performed a second pat-down search of his person. During that search, one of the officers felt "a hard unknown object between his buttocks." Although defendant stated that he would remove the object, he attempted to secrete the object even further into "his rectum," resulting in a struggle between defendant and the officers. Defendant was then transported to the police station, at which time a strip search was conducted and the officers recovered "a section of plastic [containing cocaine] at the rear of his body between his buttocks."

Following the suppression hearing, the court determined that, although defendant was illegally detained, there was no need to suppress the cocaine seized from defendant's person. The court concluded that the information from the female at the scene, in conjunction with the officers' observations, gave the officers probable cause to arrest defendant and "provided a significant intervening circumstance, independent of the illegal detention, that attenuated the connection between the detention and the seizure of the crack cocaine [and served] to dissipate the taint of the illegality." On this appeal, defendant contends that the court erred in finding that the seizure of the cocaine from his person was attenuated from the unlawful detention.

As a preliminary matter, we note that, "[s]ince we are reviewing a judgment on the defendant's appeal, and the issue of whether the defendant was [unlawfully detained] was not decided adversely to him, we are jurisdictionally barred from considering" the People's contention that the police officers' encounter with defendant was lawful at its inception and at every stage thereafter (*People v Harris*, 93 AD3d 58, 66, *affd* 20 NY3d 912; *see* CPL 470.15 [1]; *People v Concepcion*, 17 NY3d 192, 195).

We agree with defendant that the court erred in determining that the seizure of evidence from his person was attenuated from the taint of the illegality (*see People v Williams*, 79 AD3d 1653, 1655, *affd* 17 NY3d 834, 836; *cf. People v Alexander*, 189 AD2d 189, 195-196; *People v Emrick*, 89 AD2d 787, 788). "While the effect of illegally initiated police intrusion may potentially become attenuated, as a practical matter there is rarely opportunity for the attenuation of primary official illegality in the context of brief, rapidly unfolding street or roadside encounters predicated on less than probable cause . . . [O]nce a wrongful police-initiated intrusion is established, suppression of closely after-acquired evidence appears to follow ineluctably" (*People v Packer*, 49 AD3d 184, 186, *affd* 10 NY3d 915).

In view of our determination, we do not reach defendant's

remaining contentions.

Entered:  March 25, 2016                     Frances E. Cafarell
                                             Clerk of the Court