People v Peterson (2025 NY Slip Op 04308)

People v Peterson

2025 NY Slip Op 04308

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND HANNAH, JJ.

323 KA 24-00075

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAHQUIL PETERSON, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN E. MARKARIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Debra L. Givens, A.J.), rendered December 20, 2023. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The charge arose from an incident in which a security guard saw defendant point a handgun at a woman, force her into the driver's seat of a vehicle, and then seat himself behind her on the rear passenger seat. The security guard called 911 to report the incident, and the police effectuated a traffic stop, during which they recovered a loaded 9 millimeter handgun from the space between the driver's seat and the center console. DNA taken from the handgun was consistent with defendant's DNA.
Defendant contends that Supreme Court erred in refusing to suppress the handgun inasmuch as the 911 call was anonymous and thus was not sufficiently reliable to provide the officers with reasonable suspicion to stop the vehicle in which defendant was a passenger. We reject that contention. Here, although the caller did not provide his name, the 911 call was not anonymous because the caller identified himself as a security guard working at a specific location, he provided a contemporaneous description and location of the vehicle from his vantage point, and the police were able to obtain his phone number, all of which provided sufficient self-identifying information (see People v Griffin, 188 AD3d 1701, 1702 [4th Dept 2020], lv denied 36 NY3d 1050 [2021], cert denied — US &mdash, 141 S Ct 2538 [2021]; People v Van Every, 1 AD3d 977, 978 [4th Dept 2003], lv denied 1 NY3d 602 [2004]). We further conclude that the record supports the hearing court's determination that the stop of the vehicle was supported by reasonable suspicion that an occupant of the vehicle had committed or was committing a crime (see generally People v Hinshaw, 35 NY3d 427, 430 [2020]; People v Tyler, 166 AD3d 1556, 1556-1557 [4th Dept 2018], lv denied 32 NY3d 1179 [2019], reconsideration denied 33 NY3d 954 [2019]). Defendant's contention that the subsequent search of the vehicle was not supported by probable cause is unpreserved for our review because it was not raised in defendant's suppression motion and was not addressed by the court below (see generally CPL 470.05 [2]; People v Jacque-Crews, 213 AD3d 1335, 1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]).
Defendant's contention that his right to a fair trial was violated when the court failed to conduct a sufficient inquiry before discharging a juror is not properly before us inasmuch as defendant was not adversely affected by the court's discharge of the juror based on defendant's request for his removal (see CPL 470.15 [1]; People v Chapman, 229 AD2d 789, 790 [3d Dept 1996]; see generally People v Rawlinson, 175 AD3d 1109, 1110-1111 [4th Dept 2019], lv denied [*2]34 NY3d 983 [2019]; People v King, 137 AD3d 1746, 1748 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]).
We reject defendant's contention that the court violated his right to a fair trial by allowing the People to introduce evidence of an uncharged crime, i.e., that he pointed a gun at the woman involved in the incident. Here, the security guard's testimony that defendant produced a gun and pointed it at the woman was relevant to the central issue of whether defendant actually possessed the handgun (see People v Till, 87 NY2d 835, 836-837 [1995]; People v Larkins, 128 AD3d 1436, 1438 [4th Dept 2015], lv denied 27 NY3d 1001 [2016]; cf. People v Foster, 295 AD2d 110, 112-113 [1st Dept 2002], lv denied 98 NY2d 710 [2002]) and provided necessary background information to explain why the police stopped the vehicle and acted aggressively during the traffic stop (see People v Morris, 21 NY3d 588, 597 [2013]; People v Tosca, 98 NY2d 660, 661 [2002]). We further conclude that the probative value of the evidence outweighed its potential prejudicial effect (see People v Weinstein, 42 NY3d 439, 458 [2024]; People v Leonard, 29 NY3d 1, 7 [2017]; People v Alvino, 71 NY2d 233, 242 [1987]). Defendant's contention that the court erred in failing to give a limiting instruction regarding the Molineux evidence is unpreserved for our review because defendant failed to request a limiting instruction during the security guard's testimony or as part of the court's jury charge and did not object to the court's failure to give one (see People v Hymes, 174 AD3d 1295, 1299-1300 [4th Dept 2019], affd 34 NY3d 1178 [2020]; People v Williams, 107 AD3d 1516, 1516 [4th Dept 2013], lv denied 21 NY3d 1047 [2013]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; cf. People v Presha, 83 AD3d 1406, 1407 [4th Dept 2011]).
Contrary to defendant's contention, we conclude that, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence is legally sufficient to establish defendant's knowing possession of the handgun (see People v Hailey, 128 AD3d 1415, 1416 [4th Dept 2015], lv denied 26 NY3d 929 [2015]; People v Phillips, 109 AD3d 1124, 1124 [4th Dept 2013], lv denied 22 NY3d 1090 [2014]; see generally People v Redmond, 182 AD3d 1020, 1022 [4th Dept 2020], lv denied 35 NY3d 1048 [2020]). Further, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's contention, the admission in evidence of testimony regarding the supporting deposition given by the woman involved in the incident did not violate defendant's constitutional right to confrontation. Although the evidence in question constituted inadmissible testimonial hearsay (see Crawford v Washington, 541 US 36, 53-54 [2004]; People v Garcia, 25 NY3d 77, 85 [2015]), it was properly admitted under the rule of completeness to correct defendant's misrepresentation to the jury that the woman did not say that anyone pulled a gun on her (see People v Torre, 42 NY2d 1036, 1037 [1977]; see also People v Rackover, — AD3d &mdash, &mdash, 2025 NY Slip Op 03389, *1 [1st Dept 2025]; People v Horton, 181 AD3d 986, 993 [3d Dept 2020], lv denied 35 NY3d 1045 [2020]). Even assuming, arguendo, that the evidence was not properly admitted under the rule of completeness, we conclude that any error in its admission was harmless inasmuch as the proof of defendant's guilt is overwhelming and there is no reasonable possibility that the jury would have acquitted defendant if the statement in the supporting deposition had not been admitted in evidence (see People v Douglas, 4 NY3d 777, 779 [2005]; People v Astacio, 105 AD3d 1394, 1396 [4th Dept 2013], lv denied 22 NY3d 1154 [2014]).
Defendant further contends that he was denied effective assistance of counsel as a result of defense counsel's failure to make a motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30 [1] [a]). A failure of defense counsel to assert a meritorious statutory speedy trial claim "is, by itself, a sufficiently egregious error to render a defendant's representation ineffective" (People v Sweet, 79 AD3d 1772, 1772 [4th Dept 2010] [internal quotation marks omitted]; see People v Bailey, 195 AD3d 1486, 1487 [4th Dept 2021], lv denied 37 NY3d 990 [2021]; see generally People v Caban, 5 NY3d 143, 152 [2005]). We conclude, however, that defendant's contention is based on matters outside the record, and thus "a CPL 440.10 proceeding is the appropriate forum for reviewing [defendant's] claim[ ]" (People v Dunn, 229 AD3d 1220, 1223 [4th Dept 2024]; see People v Stoby, 232 AD3d 1298, 1299 [4th Dept 2024], lv denied 43 NY3d 947 [2025]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court