# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

410
KA 10-01259
PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBIE J. DRAKE, DEFENDANT-APPELLANT.

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

ROBIE J. DRAKE, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Richard C. Kloch, Sr., A.J.), rendered May 27, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment, convicting him upon a jury verdict following a retrial, of two counts of murder in the second degree (Penal Law § 125.25 [1]). Defendant was convicted in 1982 of killing two victims who were teenagers, and the judgment was affirmed by this Court on appeal (*People v Drake*, 129 AD2d 963, *lv denied* 70 NY2d 799). The United States Court of Appeals conditionally granted defendant a writ of habeas corpus unless he was retried upon the indictment within 90 days of its judgment (*Drake v Portuondo*, 553 F3d 230, 247-248 [2nd Cir]). We now reverse the judgment and grant defendant a new trial.

As a preliminary matter, we conclude that defendant waived his present contention concerning the alleged lack of jurisdiction of the acting Supreme Court Justice who presided over the trial that was purportedly conducted in County Court, inasmuch as he failed to raise that objection in a timely manner (*see People v Ott*, 83 AD3d 1495, 1496, *lv denied* 17 NY3d 808; *see generally People v Wilson*, 14 NY3d 895, 897; *People v Daniels*, 86 AD3d 921, 922, *lv denied* 17 NY3d 715).

The underlying facts are undisputed, and the sole issue at trial was defendant's intent to kill the victims. On a December night in 1981, the then-17-year-old defendant left his home armed with two

rifles and proceeded to walk to a junk yard to shoot at abandoned cars. He observed a rusted vehicle, which was occupied by the victims, parked in a secluded area near the junk yard. He fired at the vehicle from a distance of no more than 15 feet, killing both occupants. Defendant told the police that he did not see anyone in the vehicle before he fired the rifle and that he thereafter attempted to conceal the killings by moving the vehicle to another location. Defendant was observed by police officers on routine patrol when he was attempting to place the body of the female victim in the trunk of the vehicle, where he had previously placed the body of the male victim.

We agree with defendant that the court committed reversible error in refusing to preclude evidence of an uncharged crime, i.e., defendant's alleged postmortem sexual assault on the female victim, in order to establish his intent to kill the victims (*see generally People v Ventimiglia*, 52 NY2d 350, 359). Because defendant presented expert testimony refuting the People's evidence that the female victim's body had been assaulted, there was a trial within a trial on the issue whether an uncharged crime had actually been committed (*see generally People v Robinson*, 68 NY2d 541, 549-550). That was error. The Second Circuit explicitly rejected the theory presented at the first trial that defendant's intent to kill the victims was the result of a psychological syndrome known as picquerism, which the Second Circuit referred to as a "fictive syndrome" (*Drake*, 553 F3d at 244). The court properly refused to permit any reference to that alleged syndrome at the second trial. We therefore conclude that the evidence of the alleged uncharged crime was not "directly relevant" to the purpose for which it was offered, i.e., defendant's intent to kill the victims, and thus should have been precluded (*People v Cass*, 18 NY3d 553, 560).

Even assuming, arguendo, that the court properly determined that the evidence was directly relevant to establish defendant's intent, we nevertheless conclude that the court abused its discretion in determining that the probative value of the evidence outweighed its prejudicial effect (*see People v Gillyard*, 13 NY3d 351, 355; *cf. People v Gamble*, 18 NY3d 386, 397-398). "Prejudice involves both the nature of the [uncharged] crime, for the more heinous the uncharged crime, the more likely that jurors will be swayed by it, and the difficulty faced by the defendant in seeking to rebut the inference from which the uncharged crime evidence brings into play" (*Robinson*, 68 NY2d at 549). Here, the uncharged crime is particularly heinous, and defendant sought to rebut not only the inference that he intended to kill the victims if he sexually abused the body of the female victim, but he also was required to defend against the equivocal evidence that the uncharged crime was actually committed. We thus conclude that the "distance of the particular [disputed] fact from the ultimate issue[] of the case" is too great to render the evidence of the alleged uncharged crime more probative than prejudicial with respect to the sole issue whether defendant intended to kill the victims (*People v Spotford*, 85 NY2d 593, 597 [internal quotation marks omitted]). We further conclude that the error is not harmless (*cf. Gillyard*, 13 NY3d at 356; *see generally People v Crimmins*, 36 NY2d

230, 241-242). We therefore reverse the judgment and grant a new trial. We reject defendant's remaining contentions with respect to additional alleged *Molineux* errors.

We also agree with defendant's contention, raised in his pro se supplemental brief, that the court committed a reversible mode of proceedings error in failing to advise counsel of that part of a jury note seeking guidance on how to proceed in the event that the jury was unable to reach a unanimous verdict on count one and, in addition, in failing to respond to that question (*see People v Tabb*, 13 NY3d 852, 853; *see generally* CPL 310.30; *People v O'Rama*, 78 NY2d 270, 276-277). We therefore reverse the judgment on that ground as well.

In light of our determination to grant a new trial, we have also addressed certain of defendant's remaining contentions in the interest of judicial economy. First, we reject defendant's contentions with respect to the alleged errors in charging the jury. We also reject defendant's contention that the court erred in determining that the physician who conducted the autopsies of the victims was not available to testify at the second trial by reason of illness or incapacity (*see* CPL 670.10 [1]), and thus properly allowed her testimony from the first trial to be read into the record. We reject defendant's further contention that the court abused its discretion in precluding his expert from giving certain opinion testimony and in refusing to admit in evidence a hand-drawn diagram prepared by that witness (*see People v Monk*, 57 AD3d 1497, 1498, *lv denied* 12 NY3d 785; *see generally People v Carroll*, 95 NY2d 375, 385). In light of our determination, we decline to address defendant's remaining contentions.

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court