# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

756

KA 12-00108

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RONALD J. LARKINS, DEFENDANT-APPELLANT.

---

CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.

RONALD J. LARKINS, DEFENDANT-APPELLANT PRO SE.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered December 23, 2011. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (three counts), criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, three counts of robbery in the first degree (Penal Law § 160.15 [2], [3], [4]), defendant contends that County Court's *Molineux* ruling constitutes reversible error. We agree.

Prior to trial, the court granted the People's motion to present *Molineux* evidence for the limited purpose of proving defendant's identity (*see People v Molineux*, 168 NY 264, 293-294). Pursuant to the court's ruling, the People presented evidence on their direct case that defendant was the perpetrator of an attempted robbery of a hotel clerk in Syracuse, Onondaga County, shortly before the crime at issue herein, i.e., the robbery of a hotel clerk in Weedsport, Cayuga County. At the time of the instant trial, defendant had been charged with criminal conduct in Onondaga County including attempted robbery, but not tried or convicted on any of the charges there. Nevertheless, during the instant trial, the People presented the testimony of five witnesses who referred to defendant's alleged involvement in criminal conduct in Onondaga County and offered in evidence a video recording purportedly depicting defendant committing the attempted gunpoint robbery there. The *Molineux* evidence therefore pervaded the trial.

Inasmuch as the court rejected other grounds for admission of the *Molineux* evidence and limited its ruling to evidence establishing defendant's identity, our review is limited to that ground (*see People v Concepcion*, 17 NY3d 192, 194-195).  "Before admitting evidence of other crimes to establish identity, the Trial Judge must find that both *modus operandi* and defendant's identity as the perpetrator of the other crimes are established by clear and convincing evidence" (Prince, Richardson on Evidence § 4-514 [Farrell 11th ed]; *see People v Robinson*, 68 NY2d 541, 548).  Here, the record establishes that the court ruled that the evidence of defendant's identity with respect to the attempted robbery would be admissible as a matter of law, but did not determine the relevancy of the identification evidence of the attempted robbery, nor did it properly balance its prejudicial effect as against its probative value (*see People v Chaney*, 298 AD2d 617, 618-619, *lv dismissed in part and denied in part* 100 NY2d 537; *see generally People v Alvino*, 71 NY2d 233, 242).  Additionally, there is no indication in the record that the court found that the *modus operandi* and defendant's identity as the perpetrator of the attempted robbery were established by clear and convincing evidence.  We thus conclude that the case before the jury became a prohibited "trial within a trial" (*Robinson*, 68 NY2d at 550; *see People v Drake*, 94 AD3d 1506, 1508, *lv denied* 20 NY3d 1010).  We further conclude that the evidence of the attempted robbery was "sufficiently prejudicial so as to deprive defendant of a fair trial" (*People v Ortiz*, 156 AD2d 77, 79, *lv denied* 76 NY2d 793; *see generally People v Lewis*, 69 NY2d 321, 328).  We therefore conclude that defendant is entitled to a new trial.

Contrary to defendant's further contentions in his main brief, the evidence presented at trial, without the inadmissible identification evidence, is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495) and, viewing the properly admitted evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  In view of our determination to grant a new trial, we do not address defendant's remaining contentions in his main and pro se supplemental briefs.

Entered:  July 19, 2013                    Frances E. Cafarell
                                           Clerk of the Court