This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 19
The People &c.,
            Respondent,
        v.
Richard M. Leonard,
            Appellant.
(Appeal No. 1)
-----------------------
No. 20
The People &c.,
            Respondent,
        v.
Richard M. Leonard,
            Appellant.
(Appeal No. 2)


Case No. 19 and Case No. 20:

        Brian Shiffrin, for appellant.
        Robert J. Shoemaker, for respondent.



ABDUS-SALAAM, J.:

        Defendant was convicted of sexual abuse in the first

degree (Penal Law § 130.65 [2]) and unlawfully dealing with a

child in the first degree (Penal Law § 260.20) for serving

alcohol to an underage relative (hereinafter the victim) and then

sexually abusing her while she was intoxicated.  Defendant

appealed, and moved to vacate his conviction pursuant to Criminal

- 1 -

Procedure Law § 440.10.  On defendant's direct appeal, we hold that the trial court erred in permitting the People to introduce testimony from the victim about a prior incident in which defendant allegedly sexually assaulted her in a similar manner, because the evidence was not permissible for the People's proffered Molineux purposes and, to the extent it was probative for a limited purpose, the prejudicial nature of that evidence far outweighed any probative value.  Therefore, we reverse the Appellate Division order affirming the judgment and remit for a new trial.  However, we affirm the Appellate Division's denial of defendant's Criminal Procedure Law § 440.10 motion.  We therefore affirm that Appellate Division order.

I.

In October 2007, defendant was assaulted by the victim's boyfriend.  Following his arrest, the boyfriend was interviewed by a police officer, to whom he explained that he assaulted defendant because he suspected that defendant had acted in a sexually inappropriate manner with the victim.  During questioning by the police officer, the victim stated that her boyfriend attacked defendant because he thought that she had been raped by defendant earlier that day, "but it was not true."  The officer created an Incident Report in which he stated that the boyfriend said he had assaulted defendant because while he was at defendant's home earlier that day, he "believed that [defendant]

was doing something inappropriate to [the victim]," but he "didn't see anything specific." In the boyfriend's Voluntary Statement, he explained that while he and the victim were at defendant's home, he was in the basement playing video games, while the victim, who was intoxicated, lay passed out on an upstairs couch. The boyfriend said that he saw defendant standing over the victim, and suspected that he was doing something inappropriate to her. After the boyfriend and the victim left defendant's house, the boyfriend stated that the victim informed him that defendant had raped her on a prior occasion.

Defendant was indicted for sexual abuse in the first degree and unlawfully dealing with a child in the first degree for giving the victim alcohol. Prior to trial the prosecutor filed a "Molineux Proffer" seeking to elicit testimony regarding an alleged 2005 sexual abuse incident involving the same victim. According to the victim, she fell asleep on a couch in her home where defendant had been living after drinking alcohol provided to her by defendant. When she woke up, her pants were down and defendant's fingers were inside her vagina. The prosecutor argued that this evidence was relevant to show intent, absence of mistake, background, and common scheme or plan. Over defendant's objection, the court ruled that the People could elicit testimony regarding the 2005 incident in their direct case. The court did not specify for which Molineux purpose the evidence was

admissible or if it weighed the probative value of the evidence against any potential prejudice to defendant.

During trial, the boyfriend testified that in October 2007, he and the victim went to defendant's home where they all drank alcoholic beverages. Some time later, the victim passed out in the bathroom and he and defendant carried her upstairs and placed her on a couch. The boyfriend and defendant then went downstairs to play video games in the basement. At some point, defendant went upstairs while the boyfriend remained in the basement. The boyfriend testified that, from where he sat, he could see defendant kneeling between the coffee table and couch on which the victim was passed out. He questioned defendant, who responded that he was checking on the victim because he thought she was going to vomit. A few minutes later, he once again observed defendant kneeling down in front of the victim, touching her, after which, he ran upstairs where he saw defendant touching the victim's vagina. He shook the victim awake and they left.

The victim also testified at trial. Although she could not remember the assault, she recalled her boyfriend waking her up and noticed that her knees were open and her pants and underwear were below her knees. Pursuant to the court's Molineux ruling, the victim testified that in 2005, she was drinking alcohol provided by defendant and, when she later woke up on a couch, defendant was touching her vagina. She admitted that, prior to the present case, she never told anyone of this alleged

sexual assault from 2005.

Defendant testified on his own behalf, denying that he supplied the victim and her boyfriend with alcohol. He explained that after the victim passed out in the bathroom, he and her boyfriend put her on the couch, and the victim started vomiting in the area between the sofa and coffee table. Defendant testified that he got a bowl in case she got sick again, which she did. The victim and her boyfriend left at about 4:00 a.m. Defendant denied inappropriately touching the victim.

The jury convicted defendant of sexual abuse in the first degree and unlawfully dealing with a child in the first degree, and he was sentenced to a term of three years and six months in prison, with seven years of postrelease supervision.

Defendant moved pro se to set aside his conviction pursuant to Criminal Procedure Law § 440.10, raising ineffective assistance of counsel and prosecutorial misconduct claims. County Court denied the motion without a hearing, holding that defendant's claims lacked merit.

The Appellate Division considered both appeals together, and affirmed both orders (129 AD3d 1592 [4th Dept 2015]). With respect to the direct appeal, the court rejected defendant's contention that the trial court erred in admitting the Molineux evidence, concluding that the evidence of uncharged crimes was admissible to establish intent and motive, and was also admissible to provide necessary background information on

the nature of the relationship between defendant and the victim. We disagree with the court's conclusion that the Molineux evidence was permissible.

## II.

Under our well-established Molineux rule, "evidence of a defendant's uncharged crimes or prior misconduct is not admissible if it cannot logically be connected to some specific material issue in the case, and tends only to demonstrate the defendant's propensity to commit the crime charged" (People v Cass, 18 NY3d 553, 559 [2012]). Evidence of such crimes or prior bad acts may be permissible for certain limited reasons; however, the court may admit such evidence only after making the discretionary determination that the probative value of the evidence outweighs the potential for prejudice to the defendant (see People v Alvino, 71 NY2d 233, 241 [1987]; People v Molineux, 168 NY 264 [1901]). In People v Molineux, we identified a non-exhaustive list of five exceptions or purposes, for which uncharged crimes might be relevant, to show: (1) intent, (2) motive, (3) knowledge, (4) common scheme or plan, or (5) identity of the defendant. Additionally, in People v Dorm, we explained that prior uncharged crimes may also be used to "provide[] necessary background information on the nature of the relationship and place[] the charged conduct in context" (12 NY3d 16, 19 [2009]). "[E]ven if [the evidence is] technically relevant

for one of these or some other legitimate purpose, Molineux evidence will not be admitted if it 'is actually of slight value when compared to the possible prejudice to the accused'" (People v Arafet, 13 NY3d 460, 465 [2009]).  As stated, evidence may not be admitted to show that a defendant has a propensity to commit a certain type of crime, as such evidence has no legitimate basis for admission (see Alvino, 71 NY2d at 253).

The victim's testimony here that defendant had previously sexually assaulted her by getting her drunk is propensity evidence, tending to show that defendant committed the charged crime because he had done it before.  Contrary to the People's argument and the lower courts' decisions, this evidence was not necessary background information.  Background evidence is admissible to show (1) the nature of the relationship and (2) to provide context for the charged conduct (see Dorm, 12 NY3d at 19).  This exception is generally applicable where there is some need to explain the victim's conduct or actions in relation to defendant by illuminating the nature of their relationship, or some need to flesh out the narrative so that there are no gaps in the storyline provided to the jury (see People v Frankline, 27 NY3d 1113, 1115 [2016]; People v Leeson, 12 NY3d 823, 827 [2009]), or where the relationship itself provides a motive for the defendant's criminal conduct (see Frankline, 27 NY3d at 1115; People v Gamble, 18 NY3d 386, 398 [2012]; People v Till, 87 NY2d 835, 837 [1995]).  Here, however, the victim's testimony as to

the alleged prior sexual abuse was not necessary to show the nature of the relationship between her and defendant or to "sort out ambiguous but material facts" (People v Resek, 3 NY3d 385, 390 [2004]).  The victim testified as to her relationship with defendant, stating that they are relatives who lived, at certain times, in the same home and that on the night of the indicted sexual assault, she and her boyfriend went to defendant's home to spend time together and drink alcohol.  The introduction of the prior alleged assault was not necessary to clarify their relationship or to establish a narrative of the relevant events.

Further, the evidence of the uncharged crime was not admissible to show intent.  The intent here -- sexual gratification -- can be inferred from the act.  "Evidence of prior criminal acts to prove intent will often be unnecessary, and therefore should be precluded even though marginally relevant, where intent may be easily inferred from the commission of the act itself" (People v Alvino, 71 NY2d at 242).  Such is the case here, where defendant's alleged action of touching the victim's vagina was plainly for sexual gratification and not an "equivocal" act capable of being understood as "innocently or inadvertently committed" (id. at 242-243).

To the extent the evidence was admissible to show defendant's motive in getting the victim drunk, the evidence was highly prejudicial, as it showed that defendant had allegedly engaged in the exact same behavior on a prior occasion with the

same victim -- classic propensity evidence.  The prejudicial nature of the Molineux evidence far outweighed any probative value that may be attributed to it.  Thus, to the extent the trial court permitted this evidence to show motive, it abused its discretion.  The error in admitting this evidence was not harmless, as the evidence of defendant's guilt was based principally on the boyfriend's testimony and was not overwhelming; additionally, no limiting instruction was provided regarding the permissible purposes for which the Molineux evidence could be considered.

Our reversal of defendant's conviction and remittal for a new trial renders his ineffective assistance of counsel arguments in his Criminal Procedure Law § 440.10 motion academic. The remainder of his motion addressing his claim that the prosecutor engaged in misconduct requiring dismissal of the indictment was properly denied without a hearing.


IV.

Accordingly, on defendant's direct appeal, the Appellate Division order should be reversed and a new trial ordered, and the Appellate Division order affirming the denial of defendant's Criminal Procedure Law § 440.10 motion should be affirmed.

For Case No. 19:  Order reversed and a new trial ordered.
Opinion by Judge Abdus-Salaam.  Chief Judge DiFiore and Judges
Rivera, Stein, Fahey, Garcia and Wilson concur.

For Case No. 20:  Order affirmed.  Opinion by Judge Abdus-Salaam.
Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and
Wilson concur.


Decided March 28, 2017