People v Hu Sin (2023 NY Slip Op 03166)

People v Hu Sin

2023 NY Slip Op 03166

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, BANNISTER, MONTOUR, AND OGDEN, JJ.

1021 KA 18-01847

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HU SIN, DEFENDANT-APPELLANT. 

THOMAS J. EOANNOU, BUFFALO (CHRISTY L. COOPER OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered July 11, 2018. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, sexual abuse in the first degree and rape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the first degree (Penal Law § 130.35 [1]), sexual abuse in the first degree (§ 130.65 [1]), and rape in the third degree (§ 130.25 [3]). The conviction arose from an incident between defendant and the victim, who was defendant's sister-in-law, in which defendant slammed the victim's head into a wall and forced himself upon her after she refused his sexual advances.
We reject defendant's contention that he was deprived of a fair trial by County Court's Molineux ruling. We conclude that the testimony about defendant's prior uncharged acts of abuse against other family members, i.e., two of the victim's sisters, was properly admissible in evidence "for the purpose of completing the narrative and providing relevant background information of the family dynamic" (People v Elmore, 175 AD3d 1003, 1004 [4th Dept 2019], lv denied 34 NY3d 1158 [2020]; see People v Washington, 122 AD3d 1406, 1408 [4th Dept 2014], lv denied 25 NY3d 1173 [2015]). The record does not support the dissent's conclusions that the testimony of the victim's two sisters "provided no additional insights into the parties' relationship" and "gave no context to explain defendant's conduct." Rather, as the dissent acknowledges, the victim and her two sisters "have a specific ethnic background whose culture affords men significant power and respect," and we therefore conclude that the testimony of the victim's two sisters was probative insofar as it helped explain the victim's conduct in the aftermath of the rape as well as why defendant would make such an overt and brazen sexual advance on the victim while her son was present. Moreover, we further conclude that the testimony "was relevant to the element of forcible compulsion" with respect to the charges of rape in the first degree and sexual abuse in the first degree (Elmore, 175 AD3d at 1004; see People v Feliciano, 196 AD3d 1030, 1031 [4th Dept 2021], lv denied 37 NY3d 1059 [2021]). It was defendant's theory at trial to suggest that defendant and the victim were engaged in rough but consensual sexual acts. Thus, the testimony of the victim's sisters was relevant to establish defendant's use of force, a necessary element of rape in the first degree (Penal Law § 130.35 [1]) and sexual abuse in the first degree (§ 130.65 [1]). Indeed, the dissent does not argue otherwise.
For the reasons discussed above, we conclude that the challenged Molineux evidence was highly probative and that the probative value of that evidence was not outweighed by its potential for prejudice (see Elmore, 175 AD3d at 1004; see generally People v Alvino, 71 NY2d 233, 242 [1987]). Moreover, any possible prejudice to defendant was mitigated by the court's limiting instruction, which was given before the victim's sisters testified and again during the jury charge. The court explicitly instructed the jurors that they were not to consider the sisters' testimony "for [*2]the purpose of proving that the defendant had a propensity or predisposition to commit the crime charged in this case." Defendant's claim of prejudice, which is accepted by the dissent, necessarily relies on the assumption that the jury ignored the court's limiting instruction, and "the law does not permit such an assumption" (People v Cutaia, 167 AD3d 1534, 1535 [4th Dept 2018], lv denied 33 NY3d 947 [2019]; cf. People v Presha, 83 AD3d 1406, 1407-1408 [4th Dept 2011]; see generally People v Stone, 29 NY3d 166, 171-172 [2017]). Based upon the foregoing, we conclude that the court's Molineux ruling does not constitute an abuse of discretion (see Elmore, 175 AD3d at 1003-1004).
Viewing the evidence in light of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, we conclude that the sentence is not unduly harsh or severe.
All concur except Ogden, J., who dissents and votes to reverse in accordance with the following memorandum: I agree with the majority that the verdict is not against the weight of the evidence and that the sentence is not unduly harsh or severe. I respectfully dissent, however, from the majority's conclusion that County Court did not abuse its discretion in allowing the People to introduce Molineux evidence at defendant's criminal trial. In my view, the prejudicial value of the proffered Molineux evidence outweighed its probative value and adversely affected defendant's ability to have a fair trial. I would therefore reverse the judgment and grant defendant a new trial.
The longstanding Molineux rule states that "evidence of a defendant's uncharged crimes or prior misconduct is not admissible if it cannot logically be connected to some specific material issue in the case, and tends only to demonstrate the defendant's propensity to commit the crime charged" (People v Cass, 18 NY3d 553, 559 [2012]). If the evidence is probative of a legally relevant and material issue before the court, "admissibility turns on the discretionary balancing of the probative value and the need for the evidence against the potential . . . for prejudice" (People v Alvino, 71 NY2d 233, 242 [1987]).
"[E]vidence may not be admitted to show that a defendant has a propensity to commit a certain type of crime, as such evidence has no legitimate basis for admission" (People v Leonard, 29 NY3d 1, 7 [2017] [emphasis added]). "When we limit Molineux or other propensity evidence, we do so for policy reasons, due to fear of the jury's 'human tendency' to more readily 'believe in the guilt of an accused person when it is known or suspected that he has previously committed a similar crime' " (People v Brewer, 28 NY3d 271, 276 [2016], quoting People v Ventimiglia, 52 NY2d 350, 359 [1981]). Thus, where the evidence "is actually of slight value when compared to the possible prejudice to the accused, it should not be admitted, even though it might technically relate to some fact to be proven" (People v Allweiss, 48 NY2d 40, 47 [1979]; see Cass, 18 NY3d at 559).
Here, I conclude that the evidence is not relevant to a specific material issue in the case. In my view, the testimony concerning defendant's alleged uncharged crimes was not necessary to complete the narrative or provide background information (see Leonard, 29 NY3d at 7-8). The testimony provided no additional insights into the parties' relationship, gave no context to explain defendant's conduct, and did not corroborate any particular details of the victim's testimony (cf. Brewer, 28 NY3d at 276-277; People v Swift, 195 AD3d 1496, 1499 [4th Dept 2021], lv denied 37 NY3d 1030 [2021]).
Moreover, I disagree with the People's argument and the determination of the court that defendant's alleged prior misconduct is sufficiently unique to constitute a common scheme or plan (see People v Buskey, 45 AD3d 1170, 1173 [3d Dept 2007]). Although the other alleged complainants are sisters of the victim and although all of the involved parties share a specific ethnic background whose culture is perceived to afford men significant power and respect, the probative value of defendant's attempted sexual assaults of the sisters is nothing more than evidence of defendant's propensity to commit sex crimes. It neither served as context to explain defendant's conduct nor established that his actions were part of a common scheme or plan and not the product of accident or mistake. The shared characteristics of defendant's alleged prior crimes simply demonstrate "a repetitive pattern" (id.). The testimony thus implies only that, "because defendant had engaged in sexual misconduct with [the victim's sisters], he was likely to [*3]have committed the acts charged" (id. at 1174 [internal quotation marks omitted]; see People v Saxe, 174 AD3d 958, 960-961 [3d Dept 2019]).
Even assuming, arguendo, that the evidence was properly admitted for any of the foregoing purposes, or for the additional purposes raised by the People, I conclude that the court abused its discretion in determining that the probative value of the evidence outweighed its prejudicial effect, even with the benefit of a limiting instruction. "Molineux evidence will not be admitted if it 'is actually of slight value when compared to the possible prejudice to the accused' " (Leonard, 29 NY3d at 7). "Prejudice involves both the nature of the [uncharged] crime, for the more heinous the uncharged crime, the more likely that jurors will be swayed by it, and the difficulty faced by the defendant in seeking to rebut the inference . . . the uncharged crime evidence brings into play" (People v Drake, 94 AD3d 1506, 1508 [4th Dept 2012], lv denied 20 NY3d 1010 [2013] [internal quotation marks omitted]). Here, the probative value of the proposed Molineux evidence does not outweigh the prejudice to defendant (see People v Ward, 141 AD3d 853, 858-860 [3d Dept 2016]), and "the evidence's limited probative value when compared to its potential for prejudice and the unacceptable danger that the jury might condemn defendant because of his past criminal behavior and associations and not because he is guilty of the offense charged makes this evidence inadmissible" (People v Gillyard, 13 NY3d 351, 356 [2009] [internal quotation marks omitted]). This is particularly so inasmuch as there is sufficient evidence to convict defendant without introducing the challenged testimony.
Finally, I conclude that the error in the admission of the Molineux evidence is not harmless (see generally Gillyard, 13 NY3d at 356; People v Crimmins, 36 NY2d 230, 241-242 [1975]). Given that there was no forensic evidence of sexual assault and no sign of struggle or a physical altercation in the bedroom where the rape allegedly occurred and given the inability of the victim's young son, who was the only witness besides the victim and defendant, to identify defendant by his name, I cannot conclude that the evidence of defendant's guilt is overwhelming (see Ward, 141 AD3d at 861; see generally Crimmins, 36 NY2d at 241).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court