People v Smith (2024 NY Slip Op 00498)

People v Smith

2024 NY Slip Op 00498

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, NOWAK, DELCONTE, AND KEANE, JJ.

21 KA 22-01191

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL A. SMITH, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Kristina Karle, J.), rendered January 6, 2021. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, criminal sexual act in the first degree and strangulation in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the first degree (Penal Law § 130.35 [1]), criminal sexual act in the first degree (§ 130.50 [1]), and strangulation in the second degree (§ 121.12). Beginning in approximately 2012, defendant, then age 47, began to groom the victim, a 13-year-old girl, over the course of a number of years by, inter alia, engaging in a coordinated effort to surreptitiously communicate with the victim, alienating her from her family, and engaging in a sexual relationship with the victim. The People alleged that after defendant was released from incarceration in an unrelated matter, defendant began to use physical force to rape and strangle the victim. After a years-long relationship, the victim ultimately reported defendant's conduct to the police.
We reject defendant's contention that County Court abused its discretion in granting the People's Molineux application and permitting the victim to testify regarding her relationship with defendant prior to his use of physical force and regarding uncharged acts of sexual abuse perpetrated by defendant against the victim during the course of their relationship. That testimony was necessary to complete the narrative and provide proper context for the offenses charged in the indictment and was also properly admitted to establish the victim's state of mind, the relationship between defendant and the victim, the delay in reporting, and the element of forcible compulsion (see People v Brown, 128 AD3d 1183, 1184-1185 [3d Dept 2015], lv denied 27 NY3d 993 [2016]; see also People v Hu Sin, 217 AD3d 1439, 1439-1440 [4th Dept 2023]; People v Burney, 204 AD3d 1473, 1477 [4th Dept 2022], lv denied 38 NY3d 1069 [2022]).
Moreover, by repeatedly giving appropriate limiting instructions during the victim's testimony about the purpose for which the jury was to consider the Molineux evidence and reiterating its limiting instruction during the jury charge, the court mitigated any prejudice to defendant (see Hu Sin, 217 AD3d at 1440). The court explicitly instructed the jurors that they were not to consider the victim's testimony regarding her prior relationship with defendant "for the purpose of proving that . . . defendant had a propensity or predisposition to commit the crime[s] charged in this case" (id. [internal quotation marks omitted]). Any claim of prejudice necessarily relies on the assumption that the jury ignored the court's limiting instructions, and "the law does not permit such an assumption" (People v Cutaia, 167 AD3d 1534, 1535 [4th Dept 2018], lv denied 33 NY3d 947 [2019]; see Hu Sin, 217 AD3d at 1440).
To the extent that defendant preserved for our review his contention that the conviction is not supported by legally sufficient evidence (see generally People v Gray, 86 NY2d 10, 19 [*2][1995]), that contention lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
By failing to object during the prosecutor's summation, defendant failed to preserve for our review his contention that allegedly improper comments made by the prosecutor during summation deprived him of a fair trial (see People v Cooley, 220 AD3d 1189, 1191 [4th Dept 2023]; People v Graham, 171 AD3d 1566, 1570 [4th Dept 2019], lv denied 33 NY3d 1104 [2019]). In any event, we conclude that the allegedly improper comments were a "fair response to the comments made by the defense or fair comment on the evidence," and therefore that defendant was not deprived of a fair trial by those remarks (People v Palmer, 204 AD3d 1512, 1514 [4th Dept 2022], lv denied 38 NY3d 1190 [2022]).
Finally, contrary to defendant's contention, his sentence is not unduly harsh or severe.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court