People v Ballard (2025 NY Slip Op 01536)

People v Ballard

2025 NY Slip Op 01536

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

907 KA 22-01558

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROGER L. BALLARD, JR., DEFENDANT-APPELLANT. 

DAVID J. PAJAK, ALDEN, FOR DEFENDANT-APPELLANT.
VINCENT A. HEMMING, ACTING DISTRICT ATTORNEY, WARSAW (CHELSIE A. HAMILTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered February 24, 2022. The judgment convicted defendant upon a jury verdict of predatory sexual assault against a child, sexual abuse in the first degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of predatory sexual assault against a child (Penal Law former § 130.96), sexual abuse in the first degree (§ 130.65 [1]), and endangering the welfare of a child (§ 260.10 [1]). The conviction arose from defendant's sexual abuse of his half-sister, which occurred over a number of years and when she was at least as young as eight years old.
We reject defendant's contention that County Court's evidentiary rulings deprived him of a fair trial. Contrary to defendant's contention, we conclude that the court did not err in admitting evidence of a prior uncharged crime, i.e., that defendant previously sexually abused the complainant when defendant was 13 years old. That evidence "was 'relevant to provide background information concerning the context and history of defendant's relationship with [the complainant]' " (People v Wertman, 114 AD3d 1279, 1280 [4th Dept 2014], lv denied 23 NY3d 969 [2014]; see People v Maxey, 129 AD3d 1664, 1665 [4th Dept 2015], lv denied 27 NY3d 1002 [2015], reconsideration denied 28 NY3d 933 [2016]; cf. People v Leonard, 29 NY3d 1, 7-8 [2017]; see also People v Hu Sin, 217 AD3d 1439, 1439 [4th Dept 2023]), including the reason why the complainant was not to be left alone with defendant as part of an established safety plan. Additionally, the evidence concerning the prior abuse and defendant's admissions to the police about those acts were "inextricably interwoven with the evidence of the charged crime[s]" and were "necessary to comprehend that evidence" (People v Robb, 23 AD3d 1116, 1117 [4th Dept 2005], lv denied 6 NY3d 780 [2006] [internal quotation marks omitted]). The evidence was also relevant to explain why the complainant's disclosure of the abuse was delayed and incremental (see People v Presha, 83 AD3d 1406, 1407 [4th Dept 2011]). We conclude that the prejudicial effect of the evidence "did not outweigh its probative value . . . , and the court provided . . . limiting instruction[s that] minimized any prejudice to defendant" (People v King, 181 AD3d 1233, 1235 [4th Dept 2020], lv denied 35 NY3d 1027 [2020]; see People v Tosca, 98 NY2d 660, 661 [2002]; Hu Sin, 217 AD3d at 1440).
Defendant further contends that the court erred in admitting certain alleged hearsay testimony from the investigating officer. We reject that contention. The testimony was not hearsay because it was not offered for its truth (see People v Thomas, 174 AD3d 1430, 1432 [4th Dept 2019]), but rather to explain the officer's state of mind and the investigative process (see People v Ludwig, 24 NY3d 221, 231-232 [2014]; People v Austen, 197 AD3d 861, 861 [4th Dept 2021], lv denied 37 NY3d 1095 [2021]). Likewise, the complainant's testimony regarding what her friend told her about certain comments made by defendant was not hearsay because it was [*2]offered to show the complainant's state of mind upon hearing the comments (see People v Hyland, 168 AD3d 1096, 1097 [2d Dept 2019], lv denied 33 NY3d 977 [2019]; People v Hamm, 42 AD3d 550, 551 [2d Dept 2007], lv denied 9 NY3d 961 [2007]; People v Daniels, 265 AD2d 909, 910 [4th Dept 1999], lv denied 94 NY2d 878 [2000]). As to the testimony of the complainant's mother that the complainant told her that something happened at the house of the complainant's father, the court properly determined that the statement fell within the prompt outcry exception to the hearsay rule because it was a report of sexual abuse made at the first suitable opportunity after the abuse occurred (see People v Rath, 192 AD3d 1600, 1601 [4th Dept 2021], lv denied 37 NY3d 959 [2021]; see generally People v McDaniel, 81 NY2d 10, 17 [1993]; People v Kornowski, 178 AD2d 984, 984 [4th Dept 1991], lv denied 89 NY2d 1096 [1997]).
Defendant contends that the evidence is legally insufficient to support his conviction of endangering the welfare of a child (Penal Law § 260.10 [1]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support that conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant failed to preserve his contention that the evidence is legally insufficient to support the conviction of predatory sexual assault against a child (former § 130.96; see generally People v Gray, 86 NY2d 10, 19 [1995]).
Defendant also contends, however, that the verdict is against the weight of the evidence, and "we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of [defendant's contention]" (People v Arroyo, 111 AD3d 1299, 1299 [4th Dept 2013], lv denied 23 NY3d 960 [2014] [internal quotation marks omitted]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant's contention that the court gave an improper jury instruction is unpreserved for appellate review (see People v Autry, 75 NY2d 836, 838-839 [1990]; People v VanGorden, 147 AD3d 1436, 1440 [4th Dept 2017], lv denied 29 NY3d 1037 [2017]) and, in any event, is without merit.
Additionally, defendant's contention that the verdict is repugnant is unpreserved (see People v Alfaro, 66 NY2d 985, 987 [1985]; People v Brooks, 139 AD3d 1391, 1392 [4th Dept 2016], lv denied 28 NY3d 1026 [2016]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that the sentence is unduly harsh and severe. We note, however, that the certificate of disposition incorrectly recites that defendant was convicted of one count of sexual abuse in the first degree under Penal Law § 130.65 (4), and it must therefore be amended to reflect that he was instead convicted of one count of sexual abuse in the first degree under Penal Law § 130.65 (1) (see People v Brown, 115 AD3d 1204, 1206 [4th Dept 2014], lv denied 23 NY3d 1060 [2014]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court