People v Nieves (2026 NY Slip Op 00979)

People v Nieves

2026 NY Slip Op 00979

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

Ind No. 0420/18|Appeal No. 5874|Case No. 2021-00444|

[*1]The People of the State of New York, Respondent,
vAngel Nieves, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Rachel L. Pecker of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.

Judgment, Supreme Court, New York County (Althea Drysdale, J.), rendered January 29, 2021, convicting defendant, after two jury trials, of two counts of sexual abuse in the first degree, and endangering the welfare of a child, and sentencing him to consecutive terms of six years on each of the sexual abuse counts and a concurrent term of 364 days on the endangering the welfare of a child count, unanimously modified, on the law, to the extent of vacating the convictions of sexual abuse in the first degree, the matter remanded for a new trial on those counts, and otherwise affirmed.
By indictment, defendant was charged with predatory sexual assault against a child (Penal Law § 130.96), course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1][a]), two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]), and endangering the welfare of a child (Penal Law § 260.10[1]). At the conclusion of the evidence, the People moved to dismiss the charges of predatory sexual assault (Penal Law § 130.96) and course of sexual conduct (Penal Law § 130.75 [1][a]), conceding that there was insufficient evidence to support those charges. The People also moved to amend the fifth count of the indictment charging defendant with endangering the welfare of a child to the extent of "expanding the time frame." Supreme Court granted the People's motion, over defendant's objections. Defendant was found guilty of endangering the welfare of a child. However, the jury deadlocked on the sexual abuse counts. In the second trial, defendant was found guilty of two counts of sexual abuse.
Supreme Court did not impermissibly enlarge the time frame set forth in the endangering the welfare of a child count of the indictment to conform to the period that the complainant was able to delineate at trial (see People v Sinha, 84 AD3d 35, 44 [1st Dept 2011], affd 19 NY3d 932 [2012]). The amendment did not change the People's theory of the case (see CPL 200.70[1]; Sinha, 84 AD3d at 44-45), and the request for the amendment, although it occurred after the People rested, was timely under the statute.
Prior to the commencement of jury selection for the second trial, the People made a Molineux application to allow the complainant to testify about an alleged prior oral sexual encounter with defendant. The People argued, inter alia, that this evidence was "inextricably intertwined" with the complainant's testimony as to the charges of sexual abuse, provided relevant background, and put the complainant's testimony "into a believable context." Supreme Court granted the People's motion. The court concluded that the proposed testimony was "inextricably woven [in]to the narrative." While acknowledging that the issues "resembled" those in People v Leonard (29 NY3d 1, 4 [2017]), it stated that it would "[fo]llow the constructs of Leonard and issue a limit[ing] instruction should the testimony be elicited." The court shared its proposed limiting instruction with the parties. Neither party objected to the language of the proposed instruction.
Supreme Court erred in granting the People's Molineux application. Even if the People established some non-propensity basis for introducing this evidence, "the prejudicial nature of that evidence far outweighed any probative value" (Leonard, 29 NY3d at 4). While the People argue that "the court's limiting instructions [in this case] are, by themselves, enough to render Leonard, on which defendant heavily relies, distinguishable", there is nothing in Leonard which suggests that a proper curative instruction would have cured the prejudice of admitting testimony about a past sex crime with little or no legitimate relevance to a non-propensity purpose.
Because the challenged Molineux ruling occurred just before the second trial, defendant's conviction of endangering the welfare of a child, pursuant to the verdict at the first trial, is unaffected.
The court properly denied defendant's CPL 330.30 motion because defendant failed to demonstrate the probability of a more favorable outcome if evidence that the victim had been sexually abused by a cousin sometime after the alleged incidents in this case had been timely received (see People v Wainwright, 285 AD2d 358, 360 [1st Dept 2001]).
Since we are remanding for a new trial on the sexual abuse in the first degree counts, we do not address defendant's excessive sentence claim.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026