■ In the Matter of KEVIN K.O., an Infant. MONROE COUNTY DEPARTMENT OF HUMAN AND HEALTH SERVICES, Respondent; TRACY O., Appellant. [805 NYS2d 874]—Appeal from an order of the Family Court, Monroe County (John J. Rivoli, J.), entered August 4, 2004. The order terminated respondent's parental rights and transferred guardianship of the child to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at Family Court. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Pine, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH OLIVER, Appellant. [805 NYS2d 874]—Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered December 9, 2003. The judgment convicted defendant, upon his plea of guilty, of course of sexual conduct against a child in the first degree (three counts), sodomy in the first degree and sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, three counts of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1]). Defendant's waiver of the right to appeal was voluntary, knowing and intelligent (*see generally People v Callahan*, 80 NY2d 273, 280 [1992]), and the waiver encompasses defendant's contention concerning the severity of the sentence (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Defendant further contends that he was denied effective assistance of counsel based on the failure of defense counsel to move to dismiss the indictment based on the denial of his statutory right to a speedy trial. The record on appeal is inadequate to enable us to determine whether such a motion would have been successful and whether defense counsel's failure to make that motion deprived defendant of meaningful representation (*see People v Obert*, 1 AD3d 631, 632 [2003], *lv denied* 2 NY3d 764 [2004]), and thus defendant's contention is appropriately raised by way of a motion pursuant to CPL article 440 (*see id.*). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Pine, JJ.