# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**871**

**KA 09-02274**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JAMES MHINA, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

JAMES MHINA, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered October 9, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a forged instrument in the second degree (three counts), falsifying business records in the first degree (two counts) and scheme to defraud in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one through six of the indictment.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of three counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25), two counts of falsifying business records in the first degree (§ 175.10), and scheme to defraud in the second degree (§ 190.60 [1]). We reject defendant's contention that the evidence is legally insufficient to establish his knowledge that the checks at issue herein were forged (*see generally People v Bleakley*, 69 NY2d 490, 495). In a prosecution for criminal possession of a forged instrument, the element of knowledge "may be established circumstantially by conduct and events" (*People v Moore*, 41 AD3d 1202, 1203, *lv denied* 9 NY3d 879). Viewing the evidence in the light most favorable to the People, we conclude that the jury " 'had a sufficient evidentiary basis upon which to find defendant's knowledge of the forged character of the possessed instrument[s] beyond a reasonable doubt' " (*id.*, quoting *People v Johnson*, 65 NY2d 556, 561, *rearg denied* 66 NY2d 759). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the

evidence (*see generally Bleakley*, 69 NY2d at 495).

We agree with defendant, however, that County Court's *Molineux* ruling constitutes reversible error. Before the trial, the court granted the People's motion to present *Molineux* evidence for the limited purpose of proving the absence of mistake in defendant's possession of the forged checks (*see People v Molineux*, 168 NY 264, 293-294). Pursuant to the court's ruling, the People presented evidence on their direct case concerning three of defendant's prior convictions as well as one investigation that did not result in criminal charges, arising from defendant's conduct in writing checks on his accounts with knowledge that those accounts either were closed or had insufficient funds. The court erred in ruling that such evidence was relevant to establish the absence of mistake. The disputed issues at trial were whether defendant knew that the checks were forged and whether defendant was a knowing participant in, or an innocent victim of, a fraudulent check scheme. Defendant's prior bad acts were not "directly relevant" to the absence of mistake in defendant's possession of the forged checks because those prior bad acts are not probative of defendant's ability to recognize that the checks were forgeries or that he had become knowingly involved in a fraudulent check scheme (*People v Cass*, 18 NY3d 553, 560). Contrary to the People's contention, the *Molineux* evidence was not admissible to prove defendant's "familiarity with check frauds and his ability to deceive individuals through banking schemes" inasmuch as such evidence "tends only to demonstrate the defendant's propensity to commit the crime charged" (*id.* at 559). Furthermore, the Court of Appeals has expressly declined to create a " 'specialized crime' exception to *Molineux*" when the charged crime is one "that require[s] unusual skills, knowledge and access to the means of committing it" (*People v Arafet*, 13 NY3d 460, 466). We therefore conclude that evidence of defendant's prior bad acts was inadmissible as a matter of law (*see People v Alvino*, 71 NY2d 233, 242).

We further conclude in any event with respect to the court's *Molineux* ruling that the probative value of the evidence did not outweigh its prejudicial effect (*see Cass*, 18 NY3d at 560; *People v Gamble*, 18 NY3d 386, 398, *rearg denied* 19 NY3d 833; *People v Drake*, 94 AD3d 1506, 1508, *lv denied* 20 NY3d 1010). The evidence was "of slight value when compared to the possible prejudice to [defendant]" and therefore should not have been admitted (*People v Allweiss*, 48 NY2d 40, 47; *see Alvino*, 71 NY2d at 242). We further conclude that the error in admitting the evidence is not harmless (*see People v Bradley*, 20 NY3d 128, 135-136; *cf. People v Bounds*, 100 AD3d 1523, 1524, *lv denied* 20 NY3d 1096; *see generally People v Crimmins*, 36 NY2d 230, 241-242), even in view of the court's limiting instruction. We therefore reverse the judgment and grant a new trial on counts one through six of the indictment.

In light of our determination to grant a new trial, we do not address defendant's remaining contentions in his main and pro se

supplemental briefs.

Entered:  October 4, 2013                    Frances E. Cafarell
                                             Clerk of the Court