People v Quinn (2020 NY Slip Op 02409)





People v Quinn


2020 NY Slip Op 02409


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, AND BANNISTER, JJ.


302 KA 17-01964

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CALIPH QUINN, DEFENDANT-APPELLANT. 






LORENZO NAPOLITANO, ROCHESTER, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered October 13, 2017. The judgment convicted defendant upon a jury verdict of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [1]), defendant contends that County Court erred in refusing his request to charge intentional assault in the third degree (§ 120.00 [1]) and reckless assault in the third degree (§ 120.00 [2]) as lesser included offenses (see generally People v Glover, 57 NY2d 61, 63 [1982]). We reject that contention.
Here, the trial testimony established that, following a verbal altercation, defendant pushed the victim onto a bed and held her down. Defendant put his thumb into the victim's mouth and ripped her mouth open, tearing muscles from her lip to her chin. Testimony from the victim's treating physician established that "the inside of [the victim's] oral mucosa . . . as well as the outside of [her] mouth . . . [were torn] entirely through" and that it would have taken a "large amount of force" to cause such an injury. According to the victim, her resulting pain was initially a 10 out of 10 on the pain scale. Furthermore, she continued to suffer pain for months after the assault, and she eventually underwent plastic surgery to repair her injury.
Viewing the evidence in the light most favorable to defendant (see generally People v Van Norstrand, 85 NY2d 131, 135 [1995]), we conclude that, contrary to defendant's contention, there is no reasonable view of the evidence that he recklessly caused physical injury to the victim, or that he intended to cause physical injury rather than serious physical injury to the victim (see Penal Law
§§ 10.00 [9], [10]; 15.05 [1], [3]). Moreover, there is no reasonable view of the evidence that could support a finding that the victim sustained anything less than a serious physical injury (see § 10.00 [10]; People v Sipp, 33 NY3d 1119, 1120 [2019]).
Finally, we reject defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to pursue an intoxication defense. Under the circumstances of this case, we conclude that defendant failed "to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's alleged shortcoming in that respect (People v Russell, 133 AD3d 1199, 1201 [4th Dept 2015], lv denied 26 NY3d 1149 [2016] [internal quotation marks omitted]; see generally People v Robetoy, 48 AD3d 881, 882 [3d Dept 2008]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court