People v Bailey (2021 NY Slip Op 03778)





People v Bailey


2021 NY Slip Op 03778


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1133 KA 19-01365

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GARY L. BAILEY, JR., DEFENDANT-APPELLANT. 






BELLETIER LAW OFFICE, SYRACUSE (ANTHONY BELLETIER OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered June 18, 2019. The judgment convicted defendant upon a nonjury verdict of sexual abuse in the first degree (four counts) and sexual abuse in the third degree (five counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of four counts of sexual abuse in the first degree (Penal Law § 130.65 [1]) and five counts of sexual abuse in the third degree (§ 130.55) involving two victims. Defendant contends that he was denied effective assistance of counsel as a result of defense counsel's failure to make a motion to dismiss the indictment based on the denial of his statutory right to a speedy trial (see CPL 30.30 [1] [a]). A failure of defense counsel to assert a meritorious statutory speedy trial claim "is, by itself, a sufficiently egregious error to render a defendant's representation ineffective" (People v Sweet, 79 AD3d 1772, 1772 [4th Dept 2010] [internal quotation marks omitted]; see People v St. Louis, 41 AD3d 897, 898 [3d Dept 2007]; see generally People v Caban, 5 NY3d 143, 152 [2005]). We conclude, however, that "[t]he record on appeal is inadequate to enable us to determine whether [a CPL 30.30] motion would have been successful and whether defense counsel's failure to make that motion deprived defendant of meaningful representation" (People v Youngs, 101 AD3d 1589, 1589 [4th Dept 2012], lv denied 20 NY3d 1105 [2013]; see People v Oliver, 24 AD3d 1305, 1305 [4th Dept 2005], lv denied 6 NY3d 836 [2006]; see generally People v Henderson, 28 NY3d 63, 66 [2016]). Defendant's contention must be raised, if at all, by way of a motion pursuant to CPL article 440 (see Youngs, 101 AD3d at 1589; Oliver, 24 AD3d at 1305).
Defendant's remaining claims of ineffective assistance of counsel are without merit. "To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations" for defense counsel's conduct (People v Rivera, 71 NY2d 705, 709 [1988]; see Caban, 5 NY3d at 152). Defendant contends that defense counsel was ineffective in failing to cross-examine the victims using alleged prior inconsistent statements. Those statements, however, revealed only minor discrepancies with the victims' trial testimony, and they alleged additional bad acts by defendant. It thus cannot be said that there was no strategic or other legitimate explanation for defense counsel's failure to use those prior statements when cross-examining the victims (see generally Caban, 5 NY3d at 152). Likewise, defendant did not establish the absence of a legitimate explanation for defense counsel's failure to object to certain leading questions by the prosecutor (see People v Robinson, 158 AD3d 1263, 1264 [4th Dept 2018], lv denied 32 NY3d 1067 [2018]; People v Pottorff, 145 AD3d 1095, 1097-1098 [3d Dept 2016], lv denied 30 NY3d 1063 [2017]; People v Washington, 122 AD3d 1406, 1407 [4th Dept 2014], lv denied 25 NY3d 1173 [2015]), or for defense counsel's failure to pursue an intoxication defense (see People v Quinn, 182 AD3d 1019, 1020 [4th Dept 2020], lv denied 35 NY3d 1048 [2020]; People v Russell, 133 AD3d 1199, [*2]1201 [4th Dept 2015], lv denied 26 NY3d 1149 [2016]). Upon viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The sentence is not unduly harsh or severe. Finally, defendant's contention that the People committed a Rosario violation is raised for the first time in his reply brief and is thus not properly before us (see People v Baxtrum, 170 AD3d 1535, 1536 [4th Dept 2019], lv denied 33 NY3d 1102 [2019]; People v James, 162 AD3d 1746, 1747 [4th Dept 2018], lv denied 32 NY3d 1112 [2018]; People v Legister, 184 AD2d 734, 735 [2d Dept 1992], lv denied 81 NY2d 764 [1992]).
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court