People v Dean (2023 NY Slip Op 01445)

People v Dean

2023 NY Slip Op 01445

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, BANNISTER, AND MONTOUR, JJ.

1000 KA 20-00399

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES J. DEAN, JR., DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered April 17, 2013. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminally using drug paraphernalia in the second degree (§ 220.50 [2]), defendant contends that Supreme Court erred in admitting evidence at trial that police officers had observed him engage in prior uncharged drug sales. The court admitted the evidence pursuant to People v Molineux (168 NY 264, 293-294 [1901]) on the ground that it was relevant to whether defendant intended to sell the controlled substance in his possession. According to defendant, the evidence was unnecessary to prove intent to sell because such an intent may be easily inferred from the quantity of drugs and paraphernalia in his possession and he did not challenge the intent element at trial. We reject defendant's contention and conclude that the court did not abuse its discretion in admitting the evidence in question (see generally People v Dorm, 12 NY3d 16, 19 [2009]).
As a preliminary matter, we note that defendant's contention is preserved for our review inasmuch as the court, in ruling on the People's Molineux applications, "expressly decided" the question of admissibility of the evidence regarding prior uncharged sales (CPL 470.05 [2]; see People v DuBois, 203 AD3d 1621, 1622 [4th Dept 2022], lv denied 38 NY3d 1032 [2022]; see generally People v Bailey, 32 NY3d 70, 82 [2018]).
With respect to the merits, it is well established that "[e]vidence of prior criminal acts to prove intent will often be unnecessary, and therefore should be precluded even though marginally relevant, where intent may be easily inferred from the commission of the act itself" (People v Alvino, 71 NY2d 233, 242 [1987]; see People v Leonard, 29 NY3d 1, 8 [2017]). Here, the People presented evidence that defendant possessed two "eight balls" of cocaine along with unused glassine envelopes commonly used to package smaller amounts of cocaine for sale. The question presented is whether an intent to sell "may be easily inferred" from the mere act of possessing those items (Alvino, 71 NY2d at 242).
We conclude that an intent to sell may not be easily inferred from the possession of two "eight balls" of cocaine and empty glassine envelopes. As the Court of Appeals has noted in another context, "[b]ased on day-to-day experience, common observation and knowledge, the average juror may not be aware of the quantity and packaging of [cocaine possessed] by someone who sells drugs, as opposed to someone who merely uses them" (People v Hicks, 2 NY3d 750, 751 [2004]). We further conclude that the probative value of the evidence regarding the prior [*2]uncharged sales outweighed any prejudice (see People v Graham, 117 AD3d 1584, 1584 [4th Dept 2014], lv denied 23 NY3d 1037 [2014]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court