People v Henderson (2025 NY Slip Op 00537)

People v Henderson

2025 NY Slip Op 00537

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

573 KA 21-01583

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LASHAWN MILLER HENDERSON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Victoria M. Argento, J.), rendered September 2, 2021. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and four counts of criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]). Defendant contends that the evidence is legally insufficient to support the conviction and that the verdict is against the weight of the evidence. We reject those contentions. In reviewing the legal sufficiency of the evidence, we must "determine whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People" (People v Williams, 84 NY2d 925, 926 [1994]; see People v Torrance, 206 AD3d 1722, 1723 [4th Dept 2022]). To meet their burden of proving that defendant had constructive possession of the drugs and drug paraphernalia, the People were required to establish that defendant "exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband [was] found" (People v Manini, 79 NY2d 561, 573 [1992]; see Penal Law § 10.00 [8]; People v Ponder, 191 AD3d 1409, 1410-1411 [4th Dept 2021]). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that "the circumstances here provided the jury with a sufficient basis . . . to conclude that . . . defendant [was] guilty of constructive possession of the drugs and drug paraphernalia" (Torrance, 206 AD3d at 1723 [internal quotation marks omitted]; see People v Farmer, 136 AD3d 1410, 1412 [4th Dept 2016], lv denied 28 NY3d 1027 [2016]). Here, at the time defendant was found, he was undressed and in a bedroom in which he appeared to have been sleeping. In the bedroom the police found "some new and unused baggies, which [were] typically utilized for packaging narcotics for sale" and three plastic vials "of what appeared to be crack cocaine packaged for sale" in a men's sneaker hanging above the bed. In the bedroom the police also found male clothing, which defendant put on before he was removed from the bedroom, as well as mail addressed to defendant, a photograph of defendant, and keys to the apartment. Cocaine was also located in a separate bedroom occupied by defendant's father, and additional cocaine and paraphernalia were located in the living room. The evidence is thus legally sufficient to establish defendant's constructive possession of the cocaine and drug paraphernalia (see Torrance, 206 AD3d at 1723; People v Tucker, 173 AD3d 1817, 1818 [4th Dept 2019], lv denied 34 NY3d 938 [2019]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that he was denied effective assistance of counsel as a result of defense counsel's failure to make a motion to dismiss the indictment based on the denial of his statutory right to a speedy trial (see CPL 30.30 [1] [a]) and defense counsel's failure to object to the sentence. A failure of defense counsel to assert a meritorious statutory speedy trial claim "is, by itself, a sufficiently egregious error to render a defendant's representation ineffective" (People v Sweet, 79 AD3d 1772, 1772 [4th Dept 2010] [internal quotation marks omitted]; see People v Bailey, 195 AD3d 1486, 1487 [4th Dept 2021], lv denied 37 NY3d 990 [2021]; see generally People v Caban, 5 NY3d 143, 152 [2005]). We conclude, however, that "[t]he record on appeal is inadequate to enable us to determine whether [a CPL 30.30] motion would have been successful and whether defense counsel's failure to make that motion deprived defendant of meaningful representation" (Bailey, 195 AD3d at 1487 [internal quotation marks omitted]; see People v Youngs, 101 AD3d 1589, 1589 [4th Dept 2012], lv denied 20 NY3d 1105 [2013]). Thus, defendant's contention "is appropriately raised by way of a motion pursuant to CPL article 440" (People v Alverado, 178 AD3d 1465, 1466 [4th Dept 2019], lv denied 35 NY3d 940 [2020] [internal quotation marks omitted]; see Bailey, 195 AD3d at 1487; Youngs, 101 AD3d at 1589).
Additionally, defense counsel's failure to object to the sentence did not deprive him of effective assistance of counsel. Although the sentence imposed after trial is greater than the sentence proposed in connection with a plea offer before trial, it is well established that "[g]iven that the quid pro quo of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater, it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (People v Martinez, 26 NY3d 196, 200 [2015]). Thus, inasmuch as "[t]here is no evidence that defendant was given the lengthier sentence solely as a punishment for exercising his right to a trial" (People v Huddleston, 160 AD3d 1359, 1362 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]), any objection to the sentence would have been unsuccessful and "there can be no denial of effective assistance of counsel arising from counsel's failure to raise an objection or argument that had little or no chance of success" (People v Healy, 182 AD3d 1014, 1016 [4th Dept 2020], lv denied 35 NY3d 1045 [2020]).
We reject defendant's contention that Supreme Court abused its discretion in granting the People's Molineux application and permitting the People to introduce evidence of defendant's prior conviction for attempted criminal possession of a controlled substance in the third degree, as well as the underlying facts of that conviction. Preliminarily, we note that, to the extent defendant's contention is based upon the testimony of one of the law enforcement officers that the area in which defendant was arrested was an "open air drug market," that contention is unpreserved inasmuch as defendant did not object to the testimony or ask that the response—which was elicited by defense counsel during cross-examination—be struck from the record (see generally People v Britt, 34 NY3d 607, 616 [2019]; People v Ackerman, 173 AD3d 1346, 1350 [3d Dept 2019], lv denied 34 NY3d 949 [2019]).
"In reviewing [the court's] Molineux ruling, we must first assess whether the People have identified some issue, other than mere criminal propensity, to which the evidence is relevant" (People v Telfair, 41 NY3d 107, 114 [2023] [internal quotation marks omitted]). " 'This is a question of law, not discretion and [appellate courts] review it de novo' " (People v Gamble, 229 AD3d 1290, 1291 [4th Dept 2024], lv denied 42 NY3d 970 [2024], quoting People v Weinstein, 42 NY3d 439, 458 [2024]). Here, the testimony regarding defendant's prior conviction is relevant and "admissible with respect to the issue of defendant's intent to sell drugs" (People v Whitfield, 115 AD3d 1181, 1182 [4th Dept 2014], lv denied 23 NY3d 1044 [2014]) inasmuch as it is probative of defendant's "knowing possession of . . . and . . . intent to sell" the cocaine located throughout the apartment (People v Chavis, 218 AD3d 1368, 1370 [4th Dept 2023], lv denied 40 NY3d 1012 [2023]; see People v Echavarria, 53 AD3d 859, 863 [3d Dept 2008], lv denied 11 NY3d 832 [2008]).
Next, inasmuch as "the evidence is relevant to an issue aside from propensity, [we must] determine[ ] whether its probative value exceeds the potential for prejudice resulting to the defendant" (Gamble, 229 AD3d at 1291 [internal quotation marks omitted]). "[T]he trial court's [*2]decision to admit the evidence may not be disturbed simply because a contrary determination could have been made or would have been reasonable. Rather, it must constitute an abuse of discretion as a matter of law" (id. [internal quotation marks omitted]). Here, contrary to defendant's contention, the court did not abuse its discretion in concluding that the probative value of the evidence outweighed its prejudicial effect (see People v Lawrence, 141 AD3d 1079, 1081 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]). In any event, by giving appropriate limiting instructions both before and after the testimony that the Molineux evidence was being offered only for the limited purpose "on the question of knowing possession and intent," and reiterating its limiting instruction during the jury charge, "the court mitigated any prejudice to defendant" (People v Smith, 224 AD3d 1221, 1222 [4th Dept 2024], lv denied 41 NY3d 985 [2024]; see People v Hu Sin, 217 AD3d 1439, 1440 [4th Dept 2023]). Any claim of prejudice "necessarily relies on the assumption that the jury ignored the court's limiting instructions, and 'the law does not permit such an assumption' " (Smith, 224 AD3d at 1222; see People v Cutaia, 167 AD3d 1534, 1535 [4th Dept 2018], lv denied 33 NY3d 947 [2019]).
Finally, we conclude that the sentence is not unduly harsh or severe.
All concur except Montour and Nowak, JJ., who dissent and vote to reverse in accordance with the following memorandum: Inasmuch as we agree with defendant that Supreme Court erred in permitting the People to introduce evidence of defendant's prior conviction of attempted criminal possession of a controlled substance in the third degree arising from a March 2017 incident where narcotics were found in defendant's vehicle, we respectfully dissent and would reverse the judgment and grant a new trial on counts 3 through 8 of the indictment.
Under the well-established Molineux rule, "evidence of a defendant's . . . prior misconduct is not admissible if it cannot logically be connected to some specific issue in the case, and tends only to demonstrate the defendant's propensity to commit the crime charged" (People v Cass, 18 NY3d 553, 559 [2012]). Such evidence may "be relevant to show: (1) intent, (2) motive, (3) knowledge, (4) common scheme or plan, or (5) identity of the defendant" (People v Leonard, 29 NY3d 1, 7 [2017]). However, even evidence that is "technically relevant for one of these or some other legitimate purpose . . . will not be admitted if it 'is actually of slight value when compared to the possible prejudice to the accused' " (People v Arafet, 13 NY3d 460, 465 [2009]).
"In reviewing a Molineux ruling, we must first assess whether the People have identif[ied] some issue, other than mere criminal propensity, to which the evidence is relevant" (People v Telfair, 41 NY3d 107, 114 [2023] [internal quotation marks omitted]). Here, in their initial application, the People asserted that the proffered Molineux evidence would "enable the jury to fully comprehend the circumstances of the events that occurred on October 29, 2019," show that defendant "used the same modus operandi," demonstrate the absence of mistake, and establish defendant's mens rea. In its ruling, the court granted the People's request to introduce evidence of defendant's conviction for attempted criminal possession of a controlled substance in the third degree, as well as the underlying facts of that conviction. Prior to the testimony, the court instructed the jury that the evidence was being offered for the limited purpose "on the question of knowing possession and intent." That instruction was repeated after the testimony.
With respect to the instant conviction, a "person is guilty of criminal possession of a controlled substance in the third degree when [they] knowingly and unlawfully possess . . . a narcotic drug with intent to sell" (Penal Law § 220.16 [1]). Here, the key dispute at trial was the element of knowledge: whether defendant knew that the contraband was in the south bedroom, i.e., the bedroom in which the police found defendant and the contraband during the execution of a search warrant. We conclude that the evidence regarding the March 2017 incident "did not increase the possibility" that defendant knew there was contraband in the bedroom in October 2019 (Telfair, 41 NY3d at 115). "In other cases where [the Court of Appeals] has permitted Molineux evidence to prove a subjective element of the crime, or to rebut a defendant's defense as to that element, the prior acts were . . . proximate in time and quite similar to the alleged crime" (id. at 116; see e.g. People v Bradley, 20 NY3d 128, 133 [2012]; Cass, 18 NY3d at 563-564; People v Caban, 14 NY3d 369, 375 [2010]; People v Alvino, 71 NY2d 233, 243-245 [1987]). Here, the March 2017 incident is not very similar or close in time to the October 2019 incident inasmuch as the two incidents [*3]involve different contraband and a different set of circumstances, and they occurred more than two years apart (see Telfair, 41 NY3d at 116). Further, there is no evidence that defendant attempted to use the same argument as here with respect to the March 2017 incident—i.e., that he did not know that the drugs were in his vehicle—indeed, he admitted guilt in that instance. Rather, the evidence of defendant's prior arrest and conviction is "essentially evidence of prior wrongdoing that 'tend[s] to show that if defendant did it once . . . he would do it again' " (id., quoting People v Vargas, 88 NY2d 856, 858 [1996]). Nothing about defendant's prior possession of a controlled substance found in a vehicle registered in his name shows that defendant had knowledge of the contraband concealed inside a shoe box and a shoe in the south bedroom (see e.g. id. at 117; cf. People v Lawrence, 141 AD3d 1079, 1080-1081 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]).
We must next consider whether the March 2017 incident is relevant because it has "any tendency in reason to prove" the element of intent to sell a narcotic drug (Alvino, 71 NY2d at 241 [internal quotation marks omitted]). On the one hand, evidence that defendant possessed 53 baggies of cocaine over a year and a half earlier and pleaded guilty to attempted criminal possession of a controlled substance in the third degree under a subdivision of Penal Law § 220.16 that does not have an element of intent to sell and instead prohibits knowing possession of a narcotic with an "aggregate weight of one-half ounce or more" (§ 220.16 [12]) does not necessarily establish that he intended to sell the small amount of crack cocaine found within the bedroom two-and-a-half years later, rather than use it himself. On the other hand, in light of the relatively small amount of narcotics in the instant case, evidence that defendant had previously been in possession of 53 individually wrapped baggies, and admitted to attempting to possess a narcotic weighing "one-half ounce or more" (id.) may have been at least marginally relevant to the jury's determination that, in this instance, defendant possessed the narcotics with the intent to sell.
Thus, inasmuch as the proffered Molineux evidence was arguably offered because it is "probative of a legally relevant and material issue before the court," this Court must determine whether the evidence's "probative value exceed[ed] the potential for prejudice resulting to the defendant" (Alvino, 71 NY2d at 242). "[T]he trial court's decision to admit the evidence may not be disturbed simply because a contrary determination could have been made or would have been reasonable. Rather, it must constitute an abuse of discretion as a matter of law" (People v Morris, 21 NY3d 588, 597 [2013], citing Cass, 18 NY3d at 560 n 3).
"Evidence of prior criminal acts to prove intent will often be unnecessary, and therefore should be precluded even though marginally relevant, where intent may be easily inferred from the commission of the act itself" (Alvino, 71 NY2d at 242). "It may be admitted to prove intent, however, when proof of the act falls short of demonstrating that the defendant acted with a particular state of mind and where proof of a prior act is relevant to that issue" (id.). Here, as defendant notes, he did not contest that the drugs were packaged for sale and not for personal use. In his opening statement, defense counsel referred to the drugs as "the product;" in his motion for a trial order of dismissal, defense counsel challenged only whether the People had established his knowing possession of the contraband; and in his closing statement, defense counsel argued that the People failed to establish that defendant knowingly possessed the contraband (see e.g. People v Mhina, 110 AD3d 1445, 1446-1447 [4th Dept 2013]; cf. People v Palin, 158 AD3d 936, 941 [3d Dept 2018], lv denied 31 NY3d 1016 [2018]). Further, "Molineux and later cases rest on the proposition that in circumstances where 'intent is not to be inferred from the commission of the act,' 'proof of intent is often unobtainable except by evidence of successive repetitions of the act' " (Telfair, 41 NY3d at 115, quoting People v Molineux, 168 NY 264, 297-298 [1901]). Here, however, proof of intent was readily discernable from the testimony that the cocaine was prepared as a "cookie" from which smaller portions could be shaved off and packaged for sale, as well as from the paraphernalia found within the bedroom, i.e., scales and a razor blade (cf. People v Dean, 214 AD3d 1398, 1399 [4th Dept 2023], lv denied 40 NY3d 928 [2023]). Thus, to the extent that the March 2017 incident is marginally relevant to the issue of intent, we nevertheless conclude that the probative value of the evidence did not outweigh its prejudicial effect and thus it was an abuse of discretion to admit it (see People v Weinstein, 42 NY3d 439, 458 [2024]).
We further conclude that the error is not harmless (see Weinstein, 42 NY3d at 469-470; [*4]Telfair, 41 NY3d at 118-119; see generally People v Frankline, 27 NY3d 1113, 1115 [2016]). "A Molineux error may be found harmless where the proof of the defendant's guilt, without reference to the error, is overwhelming and where there is no significant probability . . . that the jury would have acquitted the defendant had it not been for the error" (Weinstein, 42 NY3d at 469-470 [internal quotation marks omitted]; see Arafet, 13 NY3d at 467; People v Crimmins, 36 NY2d 230, 241-242 [1975]). Here, defendant was acquitted of several of the charges and the evidence tying him to the contraband found in the south bedroom, although legally sufficient, is not overwhelming (cf. Arafet, 13 NY3d at 467). Further, "[t]here is an obvious danger that the evidence of [the March 2017 incident] tainted the jury's assessment of the trial evidence as to the respective charges by portraying defendant as an individual with a propensity for engaging in [narcotics-related] criminal activity" (People v Bryant, 200 AD3d 1483, 1489 [3d Dept 2021], appeal dismissed 38 NY3d 1158 [2022] [internal quotation marks omitted]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court